Wright, J.,
delivered the opinion of the Court.
There is no error in this judgment.
Neither Porter, the officer, nor Pillow, who gave him *559 the note for collection, had any authority to dispense with the stay of execution upon the judgment before the justice of the peace, so as to prevent Hutchinson, the creditor, from taking his execution immediately, if the judgment were not legally stayed.
The powers and duties pertaining to the office of constable, are defined and regulated by law. Certainly, as an officer, he had no such power. And though it has been held, that by giving his receipt for the collection of the note, he becomes, indvidually, the agent of the owner, and is bound to take out process, and use reasonable diligence in the collection of the debt; yet this gives him no power to waive the ■ right of the plaintiff, to have execution of his judgment.
And it is equally plain, that Pillow, in this instance, had no such authority, for it is shown by the petitioners that all he was engaged to do, was, simply to hand the note to the officer for collection, which being done, his agency ceased.
It cannot be maintained, that the creditor could be estopped by these unauthorized acts, to which he was in no legal sense, a party.
The case of Smith v. White, 5 Hum., 46, is unlike this. In that case the defendant prayed an appeal within the time prescribed by law, and offered to give bond, but was prevented by the justice of the peace who had rendered the judgment, and whose duty it was to receive the bond and grant the appeal, until it was too late. This, upon showing merits, was held to be a valid reason why he should be allowed the writ of certiorari, as a substitute for the appeal, in order to have a new trial.
*560 The Circuit Court, upon dismissing the petition, awarded a procedendo to the justice of the peace, to proceed to execution upon the judgment before him.
This was in accordance with the practice as laid down in Kincaid v. Morris, 10 Yer., 252, and followed in many cases since.
It applied to all cases where, the writ of certiorari was used, not as a substitute for the appeal, but to quash the execution, because of some matter arising subsequent to the judgment.
This practice is now changed by § 3188 of the Code, and a direct judgment is to be given by the Circuit Court against the principals and sureties, to the prosecution bond, for the amount of the recovery, with interest and costs. But the bond in this case being executed before the Code took effect, the Circuit Court gave the right judgment.
Judgment affirmed.